1
2
3
4
5
6
7
8                          UNITED STATES DISTRICT COURT
9                      FOR THE EASTERN DISTRICT OF CALIFORNIA
10
11   MICHAEL GASNER,                         No.  2:21-cv-0453-EFB P
12                    Petitioner,
13        v.                                 ORDER AND FINDINGS AND
                                             RECOMMENDATIONS
14   G. MATTESON,
15                    Respondent.
16
17        Petitioner is a state prisoner without counsel seeking a writ of habeas corpus pursuant to
18   28 U.S.C. § 2254.  Under Rule 4 of the Rules Governing Section 2254 Cases, the court must
19   review all petitions for writ of habeas corpus and summarily dismiss any petition if it is plain that
20   the petitioner is not entitled to relief.  The court has conducted that review.
21        Petitioner challenges Governor Newsom's reversal of the California Board of Parole
22   Hearings' finding of suitability for parole.  *See* ECF No. 1 at 8 (¶ III); ECF No. 3 at 15.
23   Essentially, petitioner challenges the sufficiency of the evidence for denying parole.
24        Petitioner does have a liberty interest in parole protected by the Due Process Clause of the
25   Fourteenth Amendment.  *Swarthout v. Cooke*, 562 U.S. 216, 220 (2011).  However, the
26   procedural protections which must be afforded with respect to the liberty interest implicated are
27   minimal; the "Constitution does not require more" than "an opportunity to be heard" at a parole
28   hearing and that the potential parolee be "provided a statement of the reasons why parole was

                                             1

1  denied." *Id.*  There is no due process requirement, or requirement under any other provision of

2  federal law, that the evidence supporting a denial of parole reach a certain threshold.  *Id.* at 220-

3  21.  To the extent petitioner suggests he was entitled to an opportunity to be heard directly by the

4  Governor, there is no basis in law for that position.

5        For these reasons, it is plain that petitioner is not entitled to habeas relief and his habeas

6  petition must be summarily dismissed.

7        Accordingly, IT IS ORDERED that the Clerk of the Court randomly assign a United

8  States District Judge to this action.

9        Further, IT IS RECOMMENDED that:

10      1.  Petitioner's petition for writ of habeas corpus be summarily dismissed; and

11      2.  The Clerk be directed to close the case.

12      These findings and recommendations are submitted to the United States District Judge

13  assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(1).  Within fourteen days

14  after being served with these findings and recommendations, any party may file written

15  objections with the court and serve a copy on all parties.  Such a document should be captioned

16  "Objections to Magistrate Judge's Findings and Recommendations."  Failure to file objections

17  within the specified time may waive the right to appeal the District Court's order.  *Turner v.*

18  *Duncan*, 158 F.3d 449, 455 (9th Cir. 1998); *Martinez v. Ylst*, 951 F.2d 1153 (9th Cir. 1991).  In

19  his objections petitioner may address whether a certificate of appealability should issue in the

20  event he files an appeal of the judgment in this case.  *See* Rule 11, Rules Governing § 2254 Cases

21  (the district court must issue or deny a certificate of appealability when it enters a final order

22  adverse to the applicant).

23  DATED:  March 19, 2021.

24                                                      EDMUND F. BRENNAN
                                                        UNITED STATES MAGISTRATE JUDGE

25

26

27

28

                                                        2